CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 08 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CASSIE V. MORTON, | ) |
| Plaintiff, | ) Civil Action No. 1:14CV00047 |
| v. | ) **MEMORANDUM OPINION** |
| SHEARER'S FOODS, LLC, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on the plaintiff's motion for leave to amend or supplement the record on appeal. For the following reasons, the motion will be denied.

## Background

Plaintiff Cassie Morton filed this employment discrimination action against Shearer's Foods, LLC, on July 14, 2014. On June 19, 2015, the defendant moved for summary judgment. After the motion was filed, the plaintiff's attorney, Hilary Johnson, moved to withdraw from representing her. The court denied the motion to withdraw until such time as new counsel made an appearance on the plaintiff's behalf or the plaintiff indicated that she intended to proceed without the assistance of counsel. Thereafter, Ms. Johnson filed on the plaintiff's behalf a motion to stay further proceedings until the plaintiff had the opportunity to retain a new attorney. The court granted the motion in part, and set a July 21, 2015 deadline for the plaintiff to advise as to whether she had retained substitute counsel or had decided to proceed pro se.

On August 6, 2015, after no attorney had made an appearance on the plaintiff's behalf, the court entered an order directing the plaintiff to file any affidavits or other evidence in response to the pending summary judgment motion by August 19, 2015. The order advised the parties that the court would hold a hearing on the summary judgment motion on August 24, 2015 at 1:00 p.m. in Roanoke. The plaintiff subsequently requested and received two extensions of time in which to

respond to the motion for summary judgment. On August 21, 2015, the court advised the plaintiff that "she must email her response to the defendant's motion to all parties by no later than 9:00 a.m. on Monday, August 24, 2015." Docket No. 45.

On August 24, 2015 at 7:59 a.m., the plaintiff sent an email to the court's deputy clerk, defense counsel, and Ms. Johnson, which contained two attachments. The attachments consisted of an affidavit from the plaintiff's mother, Patricia Herndon, and a series of emails sent by her mother before the instant action was filed. The deputy clerk docketed both of the attachments at 8:43 a.m. See Docket No. 46. She then forwarded the documents to the court's law clerk.

The court held a hearing on the summary judgment motion at 1:00 p.m. that day, at which the plaintiff appeared pro se. At the beginning of the hearing, defense counsel noted that he had "received the filing this morning by Ms. Morton." Aug. 24, 2015 H'rg Tr. 2. Defense counsel suggested that the filing should be stricken since it was "an affidavit of her mother [that did] not really address any of the issues before the court on the motion for summary judgment." Id. at 2-3. Defense counsel then proceeded to address the issues raised in the defendant's motion for summary judgment. After hearing from defense counsel, the court gave the plaintiff the opportunity to respond to the defendant's arguments. The court inquired as to whether there was anything else that the plaintiff would want the court to consider in ruling on the summary judgment motion. In response, the plaintiff indicated that "everything . . . was within the paperwork" that she had filed. Id. at 10. The court advised the parties that it would proceed to rule on the motion.

On September 8, 2015, the court issued a memorandum opinion and order granting the motion for summary judgment. On October 8, 2015, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. More than five months later, on March 11, 2016, the plaintiff filed a pro se brief in opposition to the defendant's summary judgment motion, along with 31 exhibits. Her appellate counsel has since filed a motion for leave to amend or

2

supplement the record on appeal to include the new filings. In an accompanying affidavit, the plaintiff maintains that the brief in opposition to the summary judgment motion, along with all of the exhibits, were sent via email to the court's deputy clerk, defense counsel, and Ms. Johnson at approximately 5:00 a.m. on August 24, 2015.

## Discussion

Pursuant to Rule 10(a) of the Federal Rules of Appellate Procedure, the record on appeal includes "the original papers and exhibits filed in the district court"; "the transcript of the proceedings, if any"; and "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). The record may be corrected or modified by the district court in two instances: (1) when there is a dispute over "whether the record truly discloses what occurred in the district court"; and (2) when material is "omitted or misstated in the record by error or accident." Fed. R. App. P. 10(e). It is well-settled that Rule 10(e) may be employed only to "supplement the record on appeal so that it accurately reflects what occurred before the district court." Belber v. Lipson, 905 F.2d 549, 551 n.1 (1st Cir. 1990). "It is not a procedure for putting additional information, no matter how relevant, before the court of appeals that was not before the district court." Id.; see also Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 973 n.8 (4th Cir. 1990) (affirming the district court's decision not to supplement the record on appeal with documents that the plaintiff had not filed or brought to the attention of the district court when it considered the defendant's motion for summary judgment); Thomas v. Lodge No. 2461, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) ("Our Court . . . has made clear that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.") (internal citations omitted).

In this case, the plaintiff is seeking to add materials to the record on appeal that were not presented to the court before it ruled on the defendant's motion for summary judgment. At that

3

time, the record contained the affidavit from the plaintiff's mother and various emails that her mother had sent to attorneys and other individuals before the instant action was filed. The plaintiff sent an email containing those documents to the court's deputy clerk, who, in turn, forwarded the email to the law clerk assigned to the case. The deputy clerk also docketed those documents. While the plaintiff contends that she also sent an email containing the brief and other exhibits, she has not produced that email or provided any evidence indicating that the email or its attachments were received by the deputy clerk or defense counsel. Moreover, the court did not see or review the brief and other exhibits prior to ruling on the defendant's motion; the court did not rely on them in reaching its decision; and the court did not reference them in its memorandum opinion. Because the brief and other exhibits were not part of the record or otherwise presented to the court before it ruled on the defendant's motion, it would be inappropriate to supplement the record on appeal to include those additional documents.

## Conclusion

For the reasons stated, the plaintiff's motion to amend or supplement the record on appeal will be denied. The Clerk is directed to send copies of this order to the plaintiff and all counsel of record.

DATED: This 8th day of July, 2016.

_____
Chief United States District Judge